IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

ROBERT SCHUTT, III,                                  **COMPLAINT**

                              Plaintiff        **Case No.:** 22-cv-885

              v.

UNITED STATES OF AMERICA

                              Defendant

To the Honorable Court:

Now comes Plaintiff, ROBERT SCHUTT, III, by and through the

undersigned attorney and respectfully alleges, states and prays as follows:

## I.    NATURE OF CASE

1.    This is a civil action brought under the Federal Tort Claims Act

("FTCA") seeking compensatory damages for injuries sustained by the Plaintiff as a

result of the Defendant's employees' negligence.

## II.    JURISDICTION & VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §

1346(b)(1).

3.    Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of

the Federal Tort Claims Act, filing an administrative claim for relief with the

Bureau of Prisons on September 16, 2020.

4.    This action is timely because it was filed within six months of the U.S.

Department of Justice, Federal Bureau of Prison's September 13, 2021 final

determination of the Plaintiff's administrative tort claim.

1

5.      Venue is proper in this district pursuant to 28 U.S.C. §1402 in that the incident occurred in Brooklyn, New York, which is within the boundaries of the Eastern District of New York.

### III.    PARTIES

6.      Plaintiff, ROBERT SCHUTT, III, is an adult individual who is a citizen and domiciliary of that State of Tennessee.

7.      The Metropolitan Detention Center, Brooklyn ("MDC Brooklyn") is a federal administrative security detention facility, operated by the Federal Bureau of Prisons.  It is located at 80 29th Street, Brooklyn, NY 11232. The Federal Bureau of Prisons is a division of the Department of Justice, which is an agency of the Defendant, UNITED STATES OF AMERICA.

8.      Employees and/or agents of the MDC are deemed employees of the UNITED STATES OF AMERICA for the purposes of FTCA claims.

### IV.    FACTUAL ALLEGATIONS

9.      On and before September 19, 2018, MDC Brooklyn was engaged in a project to retrofit the heating and cooling units of the facility ("MDC Brooklyn project"). As part of that project MDC Brooklyn had engaged Johnson Controls Inc. to perform, *inter alia*, some of the electrical work associated with the project.

10.      ROBERT SCHUTT, III was an electrician with Local Union 3 IBEW and Johnson Controls, Inc. and was working on the MDC Brooklyn project on and before September 19, 2018.

11.     On September 19, 2018, ROBERT SCHUTT, III reported to Machine Room 9M to install electrical devices and/or work on the electrical panel in that room.

12.     To reach the electrical panel in Room 9M, it was necessary to walk through the room, navigate around and through duct work and pass beneath a low hanging pipe.

13.     On that date, there was an accumulation of water and dust/dirt throughout Room 9M. The condition of the floor was a dangerous, defective, hazardous, unguarded, unprotected, unsupervised and unsafe condition.

14.     As a result of the dangerous condition ROBERT SCHUTT, III slipped and fell and suffered severe and permanent personal injuries.

15.     The water and dirt/dust had been accumulating for at least a year during which time ROBERT SCHUTT, III had been working on the MDC Brooklyn project.

16.     As a result of the above described events, ROBERT SCHUTT, III has incurred economic loss, has experienced and will continue to experience significant physical, mental and emotional pain and suffering.

## V.     LEGAL CLAIMS

### Negligence

17.     The Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

18.     That on the date and time of the incident, ROBERT SCHUTT, III was lawfully on the premises of MDC Brooklyn.

19.     That Defendant, through its employees and agents had a duty to see that the building and floors at MDC Brooklyn were kept reasonably safe and free from dangers and hazards to those lawfully present inside the premises.

20.     Defendant, and its employees and agents, was negligent and careless in failing to ensure that the floors, work areas, passageways and thoroughfares were free of slipping and/or tripping hazards; further, failed to mark, tag, paint, barricade and close off areas that contained dangerous and/or hazardous water, liquids or other foreign substances.

21.     That on the Date of the Incident and prior thereto, the Defendant had both actual and constructive notice of the dangerous condition described herein.

22.     That the Defendant, through its employees and agents created the dangerous condition described herein.

23.     That as a result of the foregoing, ROBERT SCHUTT, III sustained serious injury and conscious pain and suffering.

<u>Violation of Labor Law 200</u>

24.     The Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

25.     That on and before September 19, 2018, ROBERT SCHUTT, III was working on the MDC Brooklyn project that included constructing, reconstructing, altering, maintaining, moving, rehabilitating, repairing, and/or renovating of the building(s).

26.     That on and before September 19, 2018, the UNITED STATES OF AMERICA, through MDC Brooklyn and it agents and employees, maintained

4

control and supervision over the contractors and subcontractors that were performing the work that constituted the MDC Brooklyn project and that led to ROBERT SCHUTT, III's injures.

27.    The aforementioned incident was caused in whole or in part by Defendant's violation of Section 200 the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York, specifically, but not limited to: 23-1.5, 23-1.7, 23-2.1, 23-1.30, Article 1926 of O.S.H.A.

28.    That by virtue of said incident, the plaintiff sustained serious and severe personal injuries; has been rendered sick, sore, lame and disabled; sustained a loss of enjoyment of life; has sustained injuries of a permanent and lasting nature; was compelled to undergo medical treatment, and will require additional medical treatment in the future; suffered and will continue to suffer pain and discomfort; suffered, still suffers and will continue to suffer severe distress of body and mind; has been compelled to and has necessarily expended sums of money and incurred expenses, and in the future, will necessarily pay for medical care and attention, medicine and other expenses as a result of the foregoing.

29.    That as a result of the foregoing, the Plaintiff has been damaged in the amount of $10,000,000.

## VI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment against the Defendant and in favor of Plaintiffs, for compensatory in the amount of $10,000,000, plus costs, expenses, attorney's fees, and such other and further be lawful and appropriate.

RESPECTFULLY SUBMITTED, on this 21st day of September, 2018 in New York, New York.

SULLIVAN & BRILL, LLP
Attorneys for Plaintiff

_____
By: James Healy, Esq.

110 E. 59th Street, Floor 23
New York, NY 10022
Phone: (212) 566-1000
Fax: 212-566-1068
Email: james.healy@sullivanbrill.com

s/ James Healy, Esq.
Sullivan & Brill, LLP
Attorney for Plaintiff
110 E. 59th Street, Floor 23
New York, NY 10022
Phone: (212) 566-1000
Fax: 212-566-1068
Email: james.healy@sullivanbrill.com