IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

ROBERT SCHUTT, III,

                                                    AMENDED COMPLAINT
                                    Plaintiff
                                                    Case No: 22-cv-885 (BMC)

              v.

UNITED STATES OF AMERICA and
CONSTELLATION NEWENERGY, INC.,

                                    Defendants

To the Honorable Court:

Now comes Plaintiff, ROBERT SCHUTT, III, by and through the undersigned attorney and respectfully alleges, states and prays as follows:

## I.    NATURE OF CASE

1.    This is a civil action arising out of a slip and fall occurring during a construction/renovation project at the Metropolitan Detention Center and seeks compensatory damages for injuries sustained by the Plaintiff as a result of Defendants' negligence.

## II.    JURISDICTION & VENUE

### Jurisdiction over the United States

2.    This Court has jurisdiction over this action as against Defendant United States of America pursuant to 28 U.S.C. § 1346(b)(1).

3.    Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act, filing an administrative claim for relief with the Bureau of Prisons on September 16, 2020.

1

4.      This action is timely because it was filed within six months of the U.S. Department of Justice, Federal Bureau of Prison's September 13, 2021 final determination of the Plaintiff's administrative tort claim.

<u>Jurisdiction over Constellation NewEnergy Inc</u>.

5.      An action as against Defendant CONSTELLATION NEWENERGY INC. was timely filed in N.Y. State Supreme Court, County of Kings (Index No.:523021/2021).

6.      That cause of action arises out of the same common nucleus of facts as the case filed before this Court, and, as such, this Court has supplemental jurisdiction over CONSTELLATION NEWENERGY INC., pursuant to 28 U.S.C. § 1367.

7.      In addition, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332; Plaintiff is a citizen of the State of Tennessee, and CONSTELLATION NEWENERGY INC.is an entity incorporated in the State of Delaware and headquartered in the State of Maryland.

<u>Venue</u>

8.      Venue is proper in this district pursuant to 28 U.S.C. §1402 in that the incident occurred in Brooklyn, New York, which is within the boundaries of the Eastern District of New York.

III.    <u>PARTIES</u>

9.      Plaintiff, ROBERT SCHUTT, III, is an adult individual who is a citizen and domiciliary of the State of Tennessee.

10.    The Metropolitan Detention Center, Brooklyn ("MDC Brooklyn") is a federal administrative security detention facility, operated by the Federal Bureau of Prisons.  It is located at 80 29th Street, Brooklyn, NY 11232. The Federal Bureau of Prisons is a division of the Department of Justice, which is an agency of the Defendant, UNITED STATES OF AMERICA.

11.    Employees and/or agents of the MDC are deemed employees of the UNITED STATES OF AMERICA for the purposes of FTCA claims.

12.    Defendant, CONSTELLATION NEWENERGY INC., was and still is a foreign business corporation duly organized and existing under the laws of the State of Delaware.

13.    Defendant, CONSTELLATION NEWENERGY INC., did and still does maintain its headquarters in the State of Maryland.

14.    At all times herein mentioned, the Defendant, CONSTELLATION NEWENERGY INC, was and still is foreign business corporation authorized to business in the State of New York.

15.    At all times herein mentioned, the Defendant, CONSTELLATION NEWENERGY INC., did business in the City and State of New York.

## IV.    FACTUAL ALLEGATIONS

16.    On and before September 19, 2018, MDC Brooklyn was engaged in a project to retrofit the heating and cooling units of the facility ("MDC Brooklyn project"). As part of that project, Johnson Controls Inc. was acting as a subcontractor, tasked to perform, *inter alia*, some of the electrical work associated with the project.

3

17. On or about September 19, 2018, and for some time prior thereto, MDC Brooklyn and/or its operators or managers entered into a subcontract with Johnson Controls Inc. to perform work, labor and services at the aforementioned premises.

18. On or about September 19, 2018, and for some time prior thereto, Defendant, CONSTELLATION NEWENERGY INC., entered into a subcontract with Johnson Controls Inc. to perform work, labor and services at the aforementioned premises

19. At all times hereinafter mentioned the Defendant, CONSTELLATION NEWENERGY INC., was in the business of providing safety management services and was the safety manager at the MDC Brooklyn project.

20. At all times hereinafter mentioned the Defendant, CONSTELLATION NEWENERGY INC., was in the business of providing general contracting services and was the general contractor at the MDC Brooklyn project.

21. ROBERT SCHUTT, III was an electrician with Local Union 3 IBEW and Johnson Controls, Inc. and was working on the MDC Brooklyn project on and before September 19, 2018.

22. On September 19, 2018, ROBERT SCHUTT, III reported to Machine Room 9M to install electrical devices and/or work on the electrical panel in that room.

23. To reach the electrical panel in Room 9M, it was necessary to walk through the room, navigate around and through duct work and pass beneath a low hanging pipe.

4

24.     On that date, there was an accumulation of water and dust/dirt throughout Room 9M. The condition of the floor was a dangerous, defective, hazardous, unguarded, unprotected, unsupervised and unsafe condition.

25.     As a result of the dangerous condition ROBERT SCHUTT, III slipped and fell and suffered severe and permanent personal injuries.

26.     The water and dirt/dust had been accumulating for at least a year during which time ROBERT SCHUTT, III had been working on the MDC Brooklyn project.

27.     As a result of the above-described events, ROBERT SCHUTT, III has incurred economic loss, has experienced and will continue to experience significant physical, mental and emotional pain and suffering.

## V.     FIRST CAUSE OF ACTION

### Negligence as to all Defendants

28.     The allegations contained in paragraphs one (1) to twenty-seven (27) above are incorporated by reference as if again fully set forth herein.

29.     That on the date and time of the incident, ROBERT SCHUTT, III was lawfully on the premises of MDC Brooklyn.

30.     That Defendants, through their employees and agents had a duty to see that the building and floors at MDC Brooklyn were kept reasonably safe and free from dangers and hazards to those lawfully present inside the premises.

31.     Defendants, and their employees and agents, were negligent and careless in failing to ensure that the floors, work areas, passageways and thoroughfares were free of slipping and/or tripping hazards; further, failed to mark,

tag, paint, barricade and close off areas that contained dangerous and/or hazardous water, liquids or other foreign substances.

32.     That on the Date of the Incident and prior thereto, Defendants had both actual and constructive notice of the dangerous condition described herein.

33.     That Defendants, through their employees and agents created the dangerous condition described herein.

34.     That as a result of the foregoing, ROBERT SCHUTT, III sustained serious injury and conscious pain and suffering.

## VI.    SECOND CAUSE OF ACTION

### Violation of Labor Law 200 as to The United States of America

35.     The allegations contained in paragraphs one (1) to thirty-four (34) above are incorporated by reference as if again fully set forth herein. That on and before September 19, 2018, ROBERT SCHUTT, III was working on the MDC Brooklyn project that included constructing, reconstructing, altering, maintaining, moving, rehabilitating, repairing, and/or renovating of the building(s).

36.     That on and before September 19, 2018, Defendant UNITED STATES OF AMERICA, through MDC Brooklyn and its agents and employees, maintained control and supervision over the contractors and subcontractors that were performing the work that constituted the MDC Brooklyn project and that led to ROBERT SCHUTT, III's injures.

37.     The aforementioned incident was caused in whole or in part by Defendant's violation of Section 200 the Labor Law of the State of New York, Rule

6

23 of the Industrial Code of the State of New York, specifically, but not limited to:
23-1.5, 23-1.7, 23-2.1, 23-1.30, Article 1926 of O.S.H.A.

38.     That by virtue of said incident, the plaintiff sustained serious and severe personal injuries; has been rendered sick, sore, lame and disabled; sustained a loss of enjoyment of life; has sustained injuries of a permanent and lasting nature; was compelled to undergo medical treatment, and will require additional medical treatment in the future; suffered and will continue to suffer pain and discomfort; suffered, still suffers and will continue to suffer severe distress of body and mind; has been compelled to and has necessarily expended sums of money and incurred expenses, and in the future, will necessarily pay for medical care and attention, medicine and other expenses as a result of the foregoing.

## VII.   THIRD CAUSE OF ACTION

### Violation of Labor Law 200, 240, 241(6)  as to Constellation NewEnergy Inc.

39.     The allegations contained in paragraphs one (1) to thirty-eight (38) above are incorporated by reference as if again fully set forth herein.

40.     The aforementioned incident was caused in whole or in part by Defendant, CONSTELLATION NEWENERGY INC.'s violations of Labor Law Sections 200, 240 and 241(6) of the Labor Law of the State of New York, Rule 23 of the Industrial Code of the State of New York, specifically, but not limited to: 23-1.5, 23-1.7, 23-2.1, 23-1.30, Article 1926 of O.S.H.A.

41.     By virtue of said accident, the plaintiff sustained serious and severe personal injuries; has been rendered sick, sore, lame and disabled; sustained a loss of enjoyment of life; has sustained injuries of a permanent and lasting nature; was

7

compelled to undergo medical treatment, and will require additional medical treatment in the future; suffered and will continue to suffer pain and discomfort; suffered, still suffers and will continue to suffer severe distress of body and mind; has been compelled to and has necessarily expended sums of money and incurred expenses, and in the future, will necessarily pay for medical care and attention, medicine and other expenses as a result of the foregoing..

## VIII.   JURY TRIAL DEMAND

42.     Plaintiff hereby demands a jury trial as to the causes of action against CONSTELLATION NEWENERGY INC.

## IX.    PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, for compensatory damages in the amount of $10,000,000, plus costs, expenses, attorney's fees, and such other and further be lawful and appropriate.

RESPECTFULLY SUBMITTED, on this 1st day of July, 2022 in New York, New York.

SULLIVAN & BRILL, LLP
Attorneys for Plaintiff

_____
By: James Healy, Esq.
110 E. 59th Street, Floor 23
New York, NY 10022
Phone: (212) 566-1065
Fax: 212-566-1068
Email: james.healy@sullivanbrill.com

8