UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Case No: 22-cv-885 (Cogan, J.)
ROBERT SCHUTT, III,

                        Plaintiff,

        -against-

                                **THIRD PARTY COMPLAINT**

UNITED STATES OF AMERICA and
CONSTELLATION NEWENERGY, INC.,

                        Defendants.
-------------------------------------------------------------------X
CONSTELLATION NEWENERGY, INC.,           Third-Party Case No.:

                     Third-Party Plaintiff,

        -against-

JOHNSON CONTROLS, INC.,

                     Third-Party Defendant.
-------------------------------------------------------------------X

      Defendant/Third-Party Plaintiff, CONSTELLATION NEWENERGY, INC., by and through its attorneys, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, complaining of Third-Party Defendant, JOHNSON CONTROLS, INC., respectfully alleges, upon information and belief, the following:

## PARTIES

      1.    At all times hereinafter mentioned, Third-Party Plaintiff, CONSTELLATION NEWENERGY, INC. was and still is a corporation, duly incorporated and existing under and by virtue of the laws of one or more States of the United States and doing business in New York.

      2.    At all times hereinafter mentioned, Third-Party Defendant, JOHNSON CONTROLS, INC. was and is conducting business and transacting services within the State of New York.

      3.    At all times hereinafter mentioned, Third-Party Defendant, JOHNSON CONTROLS, INC. operated and maintained a place of business at 60E., 42nd St., New York, New York 10165.

4. At all relevant times herein, a subcontract ("the subcontract") existed between JOHNSON CONTROLS, INC. and CONSTELLATION NEWENERGY, INC. (referred to in the subcontract as "Constellation Energy Projects & Services Group, Inc." and/or "Constellation").

5. Plaintiff instituted an action against defendant/third-party plaintiff, a copy of which is annexed hereto as **Exhibit "A."** The claims asserted by the plaintiff arise out of a series of events commencing on September 19, 2018.

6. Defendant/Third-Party Plaintiff, CONSTELLATION NEWENERGY, INC. filed its Answer to the Complaint on August 22, 2022 annexed hereto as **Exhibit "B."**

7. The claims asserted by the plaintiff arise directly out of the responsibilities and obligations of third-party defendant pursuant to the subcontract.

8. Upon information and belief, plaintiff, ROBERT SCHUTT, III is and was an employee of third-party defendant, JOHNSON CONTROLS, INC.

9. As a result, indemnification, contribution, insurance coverage and attorney's fees are sought from third-party defendant.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE THIRD-PARTY DEFENDANT FOR COMMON LAW INDEMNIFICATION

10. Third-Party Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "9," supra, with the same force and effect as if set forth fully herein.

11. If the Plaintiff sustained the injuries and damages alleged in the Complaint, and if the injuries were not sustained by said Plaintiff's own negligence and culpability, then said injuries and/or damages were sustained by reason of the carelessness, recklessness, negligence, culpability and/or acts of omission and/or commission by JOHNSON CONTROLS, INC., their agents, servants and/or employees, and without any negligence or fault on the part of Third-Party Plaintiff contributing thereto.

12. If the Plaintiff obtains a judgment against Third-Party Plaintiff, then JOHNSON CONTROLS, INC. will become obligated to indemnify Third-Party Plaintiff under common law principles in the event of an in the full amount of any recovery by the plaintiff against third-party plaintiff, and to pay third-party plaintiff's attorneys' fees, costs and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE THIRD-PARTY DEFENDANT FOR CONTRIBUTION

13. Third-Party Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "12," supra, with the same force and effect as if set forth fully herein.

14. Pursuant to CPLR §14 and common law principles, if in the event the judgment is recovered by plaintiff and in the event two or more person have culpability with respect to the plaintiff's claims, such person's equitable shares of the judgment are to be determined in accordance with relative culpability.

15. By reason of the foregoing, third-party defendant, JOHNSON CONTROLS, INC. is obligated to make contribution to third-party plaintiff to the extent that third-party plaintiff is made to pay plaintiff any excess over and above third-party plaintiff's equitable share, if any, and third-party defendant is to pay attorneys' fees, costs and disbursements to third-party plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT JOHNSON CONTROLS, INC. FOR BREACH OF CONTRACT & INSURANCE COVERAGE

16. Third-Party Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15," supra, with the same force and effect as if set forth fully herein.

17. The third-party defendant, pursuant to subcontract agreed to secure liability insurance in favor of or for the benefit of third-party plaintiff for such liabilities as might be rendered against said third party-plaintiff arising out of the duties contemplated by the aforesaid subcontract. The relevant portion of the subcontract between third-party plaintiff and third-party defendant reads as follows:

> "Subcontractor shall obtain and maintain, and require its subcontractors to obtain and maintain, during the term of performance of an Work hereunder,

> insurance coverage with limits, terms and conditions as set forth herein… The Commercial General liability policy shall be written on an occurrence basis and include blanket contractual liability and products and completed operations coverage. The commercial general liability policies of subcontractor and its subcontractors shall be endorsed as follows… Such insurance as afforded by this policy for the benefit of Constellation (including its directors, officers, affiliates, agents, and employees) who is added as an additional insured and shall be primary as respects any claims, losses, damages, expenses, or liabilities arising out of, relating to in any way, or incident to the Work for Constellation of any activities of subcontractor personnel on the premises of, or in connection with any property of, Constellation or its affiliates, regardless whether instituted against Constellation alone or jointly with the subcontract personnel or others, and whether or not negligence or liability is charged solely against Constellation, its directors, officers, affiliates, agents, and/or employees. Any insurance carried by Constellation shall be excess of and non-contributing with insurance afforded by this policy."
>
> See **Exhibit "C"**, Subcontract, Para. 11.1, Bates Stamp "Def. Con. 332".

18. That heretofore, third-party plaintiff has made a demand that JOHNSON CONTROLS, INC. undertake its defense and indemnify third-party plaintiff with respect to the within action, but JOHNSON CONTROLS, INC. has not done so.

19. By reason of the foregoing, third-party defendant has breached its subcontract with third-party plaintiff.

20. By reason whereof, third-party plaintiff is entitled to full indemnity from third-party defendant together with costs and expenses incurred in the defense of the within action.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT JOHNSON CONTROLS, INC. FOR CONTRACTUAL INDEMNIFICATION**

21. Third-Party Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "20," supra, with the same force and effect as if set forth fully herein.

22. On or about May 21, 2009, Third-Party Plaintiff ("Constellation") entered into a blanket subcontract between Constellation. and Johnson Controls, Inc. See **Exhibit "C"**, Subcontract.

23. The subcontract was signed by James I. Creighton, Vice President of Constellation Energy Projects & Services Group, Inc. and John D. Prusak, Branch Manager for JOHNSON CONTROLS, INC.

24. Pursuant to said subcontract, JOHNSON CONTROLS, INC. assumed performance of all covenants, agreements, provisions and conditions of the subcontract to be performed, and agreed to all of the said covenants, agreements and conditions thereof.

25. Specifically, the indemnification provisions contained in Para. 10, Bates Stamp "Def Con 331" of the subcontract states as follows:

> "All risk of and liability for injury (including but not limited to death) to every person (including without limitation all Subcontractor personnel)… in whatever manner and by whomever and whenever occasioned arising out of relating to in any way or incident to the services performed hereunder or any activities of Subcontractor personnel… in the premises of, or in connection with any property of, Customer or Constellation or its affiliates, … shall rest upon Subcontractor. Subcontractor shall protect defend at its sole cost and expense, indemnify and hold harmless Constellation and its affiliates, contractors, subcontractors and customers, and their respective directors, partners, shareholder, officers, agents and employees ("Constellation Indemnified Parties") from all such damages, liability, loss or injury to the fullest extent permitted by law, and as to all damages, claims, suits, demand or other legal proceedings, costs and expenses, including but not limited to attorneys fees and expenses arising under the Subcontract or the Contract Documents, whether instituted against the Constellation Indemnified Parties alone or jointly with the Subcontractor or others, and whether or not negligence or liability is alleged solely against the Constellation Indemnified Parties at the Metropolitan Detention Center project in Brooklyn, New York (MDC Brooklyn or Owner)…

See **Exhibit "C"**, Subcontract.

26. The aforesaid subcontract was in full force and effect on September 19, 2018.

27. Pursuant to said subcontract, JOHNSON CONTROLS, INC. is contractually obligated to defend and indemnify defendant/third-party plaintiff with respect to the claims and allegations asserted by plaintiff in the Complaint.

28.  The defendant/third-party plaintiff is hereby entitled to all of the representations, warranties, covenants and causes accruing to its benefit by virtue of the aforesaid indemnification provisions of the aforesaid subcontract.

29.  That if the plaintiff was caused to sustain said alleged injuries at the time and place mentioned in his Complaint due to any carelessness and/or negligence, and in the event that any judgment is recovered herein by the plaintiff against the defendant/third-party plaintiff, and thus defendant/third-party plaintiff is damaged thereby, then the third-party defendant, JOHNSON CONTROLS, INC. is or will be responsible by virtue of the terms, covenants, warranties and causes contained in the aforesaid subcontract.

30.  By reason of the foregoing, the third-party defendant, JOHNSON CONTROLS, INC. will be held liable to the defendant/third-party plaintiff, and bound to indemnify the defendant/third-party plaintiff in the event of a recovery herein by the plaintiff against defendant/third-party plaintiff in the amount of any such recovery, plus third-party plaintiffs attorneys' fees, costs and disbursements.

**WHEREFORE**, Defendant/Third-Party Plaintiff, CONSTELLATION NEWENERGY, INC. demands judgment against Third-Party Defendant, JOHNSON CONTROLS, INC., affording Defendant/Third-Party Plaintiff the relief claimed above, including but not limited to all expenses, attorneys' fees and costs of this action.

Dated: Purchase, New York
January 23, 2023

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

_____
Jennifer A. Robinson, Esq.
Attorneys for Defendant/Third-Party Plaintiff
*Constellation Newenergy, Inc.*
287 Bowman Avenue, Suite 404
Purchase, New York 10577
Phone: (914) 977-7334
E-Mail: JARobinson@mdwcg.com

**TO:** **JOHNSON CONTROLS**
*Third-Party Defendant*
**Served on:**
Registered Agent
C T Corporation System
28 Liberty St.
New York, NY 10005

**SULLIVAN & BRILL, LLP**
James Healy, Esq.
*Attorneys for Plaintiff*
115 Broadway, 17th Floor
New York, New York 10006
(212) 566-1000
James.healy@sullivanbrill.com

**UNITED STATES ATTORNEY**
Breon Peace, Esq.
Assistant United States Attorney
Christopher Volpe, Esq.
*Attorneys for Defendant*
*United States of America*
Eastern District of New York
271-A Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6188
Christopher.volpe@usdoj.gov